Filed 6/16/15  P. v. Epperson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C075568 |
| v. | (Super. Ct. Nos. 12F05086, 12F08506) |
| MICHAEL PATRICK EPPERSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Patrick Epperson asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.  We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

On July 24, 2012, a probation officer found 0.63 grams of methamphetamine in defendant's bedroom during a probation search. The People subsequently charged defendant in Sacramento County Superior Court case No. 12F05086 (case No. 086) with possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).) The People further alleged defendant was previously convicted of burglary (Pen. Code, § 459), a strike offense, and had served four prior prison terms.

On August 22, 2012, the trial court denied defendant's motion for appointment of new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). Defendant then moved to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562] (*Faretta*). The court ordered defendant's competency evaluated, issued *Faretta* warnings, and in October 2012, granted defendant's *Faretta* motion. Defendant then entered a plea of not guilty.

On March 27, 2013, the trial court granted the People's motion to consolidate case No. 086 with Sacramento County Superior Court case No. 12F08506. The following month, the trial court revoked defendant's pro. per. status and reappointed the public defender's office to represent defendant.

On June 20, 2013, the People filed a first amended consolidated complaint, later deemed the information, adding a second charge for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and an allegation that defendant committed the offense while released from custody in case No. 086. That same day, the trial court denied defendant's second *Marsden* motion and set the matter for a trial readiness conference and a jury trial.

Defendant subsequently withdrew his not guilty plea and, represented by counsel, pled no contest to possessing a controlled substance in case No. 086. Defendant also admitted he was previously convicted of burglary (Pen. Code, § 459),

2

a strike offense.  In exchange for defendant's plea, the People agreed they would move to dismiss the remaining charges and allegations.  The People also stipulated to a maximum term of 32 months in state prison.  Defendant also entered into a waiver pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247, whereby his bail would not be revoked and he would appear for sentencing on September 6, 2013.  Should he fail to appear on September 6, 2013, defendant acknowledged he would be sentenced to serve six years in state prison.

Defendant appeared in court on September 6, 2013, but judgment and sentencing ere continued to September 27, 2013.  Defendant then failed to appear on September 27, 2013.  Defendant turned himself in three weeks later.  On November 15, 2013, the trial court sentenced defendant to serve six years in state prison.  The court awarded defendant 133 days of custody credit and ordered him to pay only the mandatory fines and fees.

Defendant appeals without a certificate of probable cause.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                                                                              _____HOCH\_\_\_\_\_, J.

We concur:

_____RAYE\_\_\_\_\_, P. J.

_____MURRAY\_\_, J.